UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

TWIN CITY FLOOR COVERING INDUSTRY PENSION FUND AND TWIN CITY FLOOR COVERING INDUSTRY FRINGE BENEFIT TRUST FUND,

Civil No. 00 -1182 PAM/JGL

Plaintiffs,

vs.

**Findings of Fact, Conclusions of Law, and Order for Judgment**

**J. NICHOLAS INC., d/b/a TOP NOTCH FLOORS,and JULIAN NICHOLAS JAYASURIYA III, individually**

Defendants.

This matter was heard before the undersigned on the 20th day of October, 2000. Jacqueline M. Beaulieu of McGrann Shea Franzen Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendants.

## FINDINGS OF FACT

1. Plaintiffs filed a Summons and Complaint in this matter on May 11, 2000, seeking an order requiring production of fringe Fund reports and judgment for the amounts shown to be due per those reports.

2. Defendent J. Nicholas Inc., d/b/a Top Notch Floors was served with a Summons and Complaint in this matter on May 16, 2000 at 3641Decatur Avenue N., New



FILED OCT 20 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD OCT 20 2000
DEPUTY CLERK

Hope MN.

3. Defendant Julian Nicholas Jayasuriya was served with Summons and Complaint on this matter on May 16, 2000 at 3641 Decatur Avenue N., New Hope, MN.

4. Defendants have failed to file and serve an Answer to the Summons and Complaint.

5. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, among other things, pension, vacation, health and welfare benefits to employees doing floorcovering work in the construction trades, and are maintained for the benefit of workers pursuant to Collective Bargaining Agreements.

6. Defendants accepted and agreed to be bound by certain a collective bargaining Agreement ("CBA") with the Twin City Carpet, Linoleum and Resilient Tile Layers Local #596, and the Lakes and Plains Regional Council of Carpenters and Joiners of United Brotherhood of Carpenters and Joiners of America. The CBA obligates Defendant, as an employer, to submit fringe benefit reports and contributions.

7. The bargaining Agreement provides that Defendant pay liquidated damages of ten dollars ($10.00) or 10% of the total amount to be received, whichever is greater, for contributions paid after the end of the month in which they were due.

8. Defendants failed to produce reports and contributions for the period June, 1999 through July, 2000.

9. Pursuant to the bargaining Agreement, Defendants owe 10% of the contributions shown to be owing pursuant to the June, 1999 through July, 2000 reports, or $10.00, whichever is greater, as liquidated damages.

10. The bargaining Agreement provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action.

11. The fair and reasonable value of attorney fees incurred by the Plaintiffs in this action is to be determined after Hearing.

12. The total costs and disbursements incurred by the Plaintiffs in this action are to be determined after Hearing.

## CONCLUSIONS OF LAW

1. Defendants are in default, and Plaintiffs are entitled to Default Judgment.
2. Defendants must produce the fringe Fund report and contributions for June, 1999 through July, 2000.
3. Defendants owe ten percent (10%) of the contributions shown to be due, or ten dollars ($10.00), whichever is greater, in liquidated damages.
4. Defendants owe attorneys' fees and costs in an amount to be determined after Hearing.

## ORDER

IT IS ORDERED:

1. That Plaintiffs' motion for default judgment is granted.

2. That Defendants shall produce fringe Fund reports and contributions for June, 1999 through July, 2000 and all subsequent months as they become due after the date of this

3. That Defendants shall pay $10.00 or 10%, whichever is greater, of the contributions shown to be due as liquidated damages.

4. That Defendants shall pay an amount to be determined after hearing for attorneys' fees and costs associated with this matter.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: October 20 2000.

BY THE COURT

Paul A. Magnuson
U. S. District Court Judge

OCT 20 2000

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

> ***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*